UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH, #267009,

       Petitioner,

v.                                     CASE NO. 5:13-CV-14988
                                       HONORABLE JOHN CORBETT O'MEARA

DANIEL HEYNS, et al.,

       Respondents.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

     Michigan prisoner Derrick Lee Smith ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and other constitutional provisions challenging his continued confinement. The Michigan Department of Corrections Offender Tracking Information System ("OTIS") indicates that Petitioner was convicted of two counts of third-degree criminal sexual conduct in the Wayne County Circuit Court in 1998 and sentenced to concurrent terms of 6 to 15 years imprisonment. He was subsequently convicted of six counts of first-degree criminal sexual conduct and two counts of kidnapping in the Wayne County Circuit Court in 2008 and sentenced to concurrent terms of 22 ½ to 75 years imprisonment. In his current petition, he asserts that the State of Michigan fraudulently forced citizenship upon him in order to acquire jurisdiction over him so that he could be prosecuted for various criminal offenses. He also challenges the conditions of his confinement, claiming that he is being denied access to certain publications which he believes he needs to challenge his convictions.

     Petitioner, however, has already filed an identical habeas petition challenging his state criminal convictions and raising the same claims, which was transferred in part to the United States

Court of Appeals for the Sixth Circuit as a second or successive petition, dismissed in part as duplicative to Case No. 10-CV-11052, and dismissed without prejudice (as to the civil rights claims). *See Smith v. Heyns, et al.*, No. 13-CV-14013 (E.D. Mich. Oct. 24, 2013) (Cleland, J.). Petitioner's current claims were thus previously raised and addressed in that prior petition and may not be re-litigated under the doctrine of *res judicata* or claim preclusion. *See, e.g., Federated Dep't. Stores v. Moitie*, 452 U.S. 394, 398 (1981); *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003); *see also Butts v. Wilkinson*, 145 F.3d 1330, 1998 WL 152778, *1 (6th Cir. 1998) (unpublished) (upholding summary dismissal of prisoner civil rights complaint based upon *res judicata* doctrine); *McWilliams v. State of Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997) (repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious).

Under the *res judicata* or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action. *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). The *res judicata* rule "precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Mitchell*, 343 F.3d at 819. In this case, all four elements are present. The instant action must therefore be dismissed pursuant to the *res judicata* doctrine.

Accordingly, for the reasons stated, the Court **DISMISSES** the petition for a writ of habeas corpus. Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if he

"has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be take in good faith. *See* Fed. R. App. P. 24(a). This case is closed.

    **IT IS SO ORDERED**.

                                              s/John Corbett O'Meara  
                                              United States District Judge

Date: December 12, 2013

    I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 12, 2013, using the ECF system and/or ordinary mail.

                                              s/William Barkholz  
                                              Case Manager